IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIA B. PALACIOS,

        **Plaintiff,**

vs.                                                                                                            No. CIV 07-0249 WDS

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

        **Defendant.**

# ORDER

This matter is before the Court on Plaintiff's Motion for an Order Authorizing Attorney Fees (Document No. 24). Plaintiff's counsel moves the Court for an order authorizing attorney fees in the amount of $39,486.25. Ms. Palacios will receive the EAJA fees in the amount of $8,455.30, minus $306.39 advanced for costs and $2,929.71 gross receipts tax.

As part of its judgment in social security disability cases, the Court may allow "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). The fee is payable out of the claimant's past-due benefits.

In *Gisbrecht v. Barnhart,* 122 S. Ct 1817, 1829 (2002) the Supreme Court noted that the traditional lodestar method shifts the cost of litigation fees to the loser, whereas in social security disability cases, the cost of litigation fees is being shifted to the prevailing claimant. The Court concluded:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must

show that the fee sought is reasonable for the services rendered.

122 S.Ct. at 1828 (internal citation omitted). Accordingly, the Court looks first looks to the contingent-fee agreement and then tests it for reasonableness. The Court must act as an independent check on such arrangements to assure that they satisfy the statutory requirement of yielding a "reasonable" result in particular cases. *Id.* Attorney fees may be reduced if the representation is substandard, if the attorney is responsible for delay, or if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

Pursuant to 42 U.S.C. 406(b), Plaintiff's counsel requests $39,486.25 for 59.6 hours of work at the District Court level. *See, McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006)("Under the SSA scheme, each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court."). Plaintiff's fee requests under 406(a) and 406(b), if granted in full, would total 25% of the recovery.

In *Gisbrecht* the Supreme Court adopted the method approved in the Second, Sixth, and Seventh Circuits for court review of fee awards. In *McGuire v. Sullivan*, 873 F.2d 974 (7th Cir. 1989), the Seventh Circuit held that the six *Blankenship* factors should be considered, which are time and labor required; skill required; contingency of fee; amount involved and results attained; experience, reputation and ability of attorney; and awards in similar cases. See, *Blankenship v. Schweiker*, 676 F.2d 116 (4th Cir. 1982). The Court has reviewed these factors and concludes that the requested fee is reasonable for the reasons set forth in Plaintiff's brief. The Court notes that the Martone law firm represented Ms. Palacios for the entire time her application was pending before the Commissioner, which was over ten years. Accordingly, the Court approves the requested attorney fee in the amount of $39,486.25.

**IT IS SO ORDERED.**

_____
**W. DANIEL SCHNEIDER**
**UNITED STATE MAGISTRATE JUDGE**